UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROGER WALKER,<br><br>      Plaintiff,<br><br>  v.<br><br>AUDREY KING, et al.,<br><br>      Defendants. | 1:16-cv-01665-EPG (PC)<br><br>ORDER STRIKING COMPLAINT FOR LACK OF SIGNATURE<br>(ECF NO. 1)<br><br>ORDER FOR PLAINTIFF TO FILE A FIRST AMENDED COMPLAINT BEARING HIS SIGNATURE WITHIN THIRTY DAYS |

      Roger Walker ("Plaintiff") is a civil detainee proceeding *pro se* with this civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff filed the Complaint commencing this action on November 3, 2016. (ECF No. 1).

      The Complaint is not signed by Plaintiff. All filings submitted to the court must bear the signature of the filing party. Local Rule 131; Fed. R. Civ. P. 11(a). Accordingly, the Court will strike the Complaint for lack of signature, and allow Plaintiff to file a First Amended Complaint.

      While the Court is not screening the Complaint at this time, the Court notes that Plaintiff appears to have filed a two page complaint (which consists of an incomplete complaint form), and attached 25 pages of exhibits. Should Plaintiff choose to amend the complaint, the amended complaint should be brief, Fed. R. Civ. P. 8(a), but must state what each named defendant did that led to the deprivation of Plaintiff's constitutional or other federal rights, *Iqbal,* 556 U.S. at 678; *Jones v. Williams*, 297 F.3d 930, 934 9th Cir. 2002). Plaintiff must set forth "sufficient factual matter . . . to 'state a claim that is plausible on its face.'" *Id.* at 678 (quoting *Twombly*, 550 U.S. at 555). There is no *respondeat superior* liability, and each

defendant is only liable for his or her own misconduct. *Iqbal*, 556 U.S. at 677. Plaintiff must demonstrate that each defendant *personally* participated in the deprivation of his rights. *Jones*, 297 F.3d at 934 (emphasis added). Plaintiff is advised that a short, concise statement of the allegations in chronological order will assist the court in identifying his claims. Plaintiff should name each defendant and explain what happened, describing personal acts by the individual defendants that resulted in the violation(s) of Plaintiff's rights. Plaintiff should also describe any harm he suffered as a result of the violation(s).

The Court also notes that an amended complaint supersedes the original complaint, *Lacey v. Maricopa County*, 693 F. 3d 896, 907 n.1 (9th Cir. 2012) (*en banc*), and that the amended complaint must be complete in itself without reference to the prior or superseded pleading, Local Rule 220. Once an amended complaint is filed, the original complaint no longer serves any function in the case. Therefore, in an amended complaint, as in an original complaint, each claim and the involvement of each defendant must be sufficiently alleged. The amended complaint should be clearly and boldly titled "First Amended Complaint," refer to the appropriate case number, and be an original signed under penalty of perjury

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff's Complaint, which was filed on November 3, 2016, is STRICKEN from the record for lack of signature;
2. The Clerk's Office shall send Plaintiff a form § 1983 complaint;
3. Within thirty days from the date of service of this order, Plaintiff is required to file a First Amended Complaint bearing Plaintiff's original signature; and
4. <u>Plaintiff's failure to comply with this order shall result in the dismissal of this action</u>.

IT IS SO ORDERED.

Dated:   **December 5, 2016**        /s/ Erica P. Grosjean
                                     UNITED STATES MAGISTRATE JUDGE