UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROGER WALKER,<br><br>    Plaintiff,<br><br>v.<br><br>AUDREY KING, et al.,<br><br>    Defendants. | Case No. 1:16-cv-01665-AWI-EPG (PC)<br><br>ORDER DENYING PLAINTIFF'S MOTION TO COMPEL<br><br>(ECF NO. 27) |

Roger Walker ("Plaintiff") is a civil detainee proceeding *pro se* and *in forma pauperis* in this civil rights action filed pursuant to 42 U.S.C. § 1983.

On March 14, 2018, Plaintiff filed a motion. (ECF No. 27). Plaintiff requests an order directing Department of State Hospitals - Coalinga ("DSH - Coalinga") to return his legal property and to provide for his legal needs (including access to a typewriter or computer, and ample paper and supplies).[1]

Plaintiff alleges that his legal property has been confiscated (Plaintiff stored his legal property on electronic devices). Plaintiff also alleges that all personal computers and tablets were confiscated, and that the sixty computers in the computer lab were removed (the computers were installed elsewhere, but the patients at DSH – Coalinga have been denied access to them). Because of this, and because there are so few typewriters available, Plaintiff's legal needs are not being met.

---

[1] Plaintiff also requested an extension of time to object to the findings and recommendations that were issued on October 24, 2017, which the Court granted (ECF No. 28).

Given Plaintiff's allegations, especially his allegation that his legal property has been confiscated, the Court requested that the Executive Director of DSH - Coalinga file a response to Plaintiff's allegations.

On April 19, 2018, the Executive Director responded by referring the Court to the declaration of Lieutenant Kenneth Bell of the CSP-Coalinga Department of Police Services. (ECF No. 31). Lieutenant Bell confirmed that, pursuant to an amendment to Section 4350 of Title 9 of the California Code of Regulations and a memo issued by the executive director,[2] some of Plaintiff's property was confiscated. (Id. at 6). However, Lieutenant Bell also stated that, once the items have been scanned, the Department of Police Services will schedule an appointment with Plaintiff to transfer his legal property to a state-issued device that Plaintiff can access under supervision in the computer lab. (Id.). The transfer process was anticipated to take one through two weeks from April 19, 2018. (Id.).

Lieutenant Bell also stated that DSH - Coalinga has 74 computers that are available to the patient population. (Id. at 7).

It appears that Plaintiff's concerns have been addressed. While his legal property was confiscated, it appears that Plaintiff should now be able to access it. Also, it appears that there are now computers available to Plaintiff that he can use to do his legal work. Therefore, the Court will deny Plaintiff's motion to compel. However, if Plaintiff is still unable to access his legal property, he may file another motion to compel.

Accordingly, based on the foregoing, IT IS ORDERED that Plaintiff's motion to compel is DENIED.
IT IS SO ORDERED.

Dated: **May 9, 2018**    /s/ Erica P. Grosjean
                              UNITED STATES MAGISTRATE JUDGE

---

[2] "On January 12, 2018, Brandon Price, the Executive Director of DSH-Coalinga, issued a memorandum to all DSH-Coalinga patients concerning the Office of Administrative Law's approval of the emergency amendment to Section 4350. This memo stated that patients were not permitted to possess certain electronic devices, including but not limited to computers and items capable of memory storage (including thumb drives and flash drives)." (ECF No. 31, pgs. 5-6).