UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROGER WALKER,<br><br>　　　　Plaintiff,<br><br>v.<br><br>TIM POOLE, et al.,<br><br>　　　　Defendants. | Case No. 1:16-cv-01665-AWI-EPG (PC)<br><br>ORDER DENYING PLAINTIFF'S MOTION FOR SANCTIONS AND AN INJUNCTION<br><br>(ECF NO. 33) |

Roger Walker ("Plaintiff") is a civil detainee proceeding *pro se* and *in forma pauperis* in this civil rights action filed pursuant to 42 U.S.C. § 1983.

On May 15, 2018, Plaintiff filed a motion for sanctions and an injunction. (ECF No. 33). Plaintiff states that he has been trying to get his legal materials from his flash drive, but Defendants have wrongfully denied him access to his legal materials on the flash drive. Plaintiff alleges that the refusal to timely return his legal materials has placed a substantial hardship on him and delayed this litigation. Plaintiff requests $150 for every day that he has been without his legal materials.

At the outset, the Court notes that while Plaintiff asks for an injunction, Plaintiff does not actually seek injunctive relief. The only relief Plaintiff appears to be seeking is sanctions in the amount of $150 per day that he has been without his legal property. Accordingly, the Court will

treat Plaintiff's motion as a motion for sanctions.

Plaintiff's motion for sanctions will be denied. While Plaintiff alleges that "Defendants" (who have not yet been served) will not return his legal property," Plaintiff has not alleged any specific action by any of the defendants in this case. Even if Plaintiff's non-conclusory factual allegations are true, the Court is unable to determine that any of the defendants in this case are directly or indirectly responsible for the failure to timely return Plaintiff's legal materials.

Moreover, it appears that Department of State Hospitals – Coalinga is actively attempting to return Plaintiff's legal materials to him. According to the declaration of Kenneth Bell, who is employed as a Hospital Police Lieutenant with the Department of State Hospitals – Coalinga, an officer met with Plaintiff and asked which devices contained his legal work. (ECF No. 36, pgs. 4 & 5, ¶¶ 1 & 4). Plaintiff reported that he had two white flash drives, both with his name on them. (Id. at p. 5, ¶ 4). Plaintiff voluntarily turned in one flash drive, while another was in the possession of patient Peter Tolles, who was helping Plaintiff with his legal work. (Id.). The officers searched but did not find a white flash drive in Plaintiff's property. (Id. at ¶ 5). They found a white flash drive in Tolles' property, but it did not have Plaintiff's name on it. (Id.). Accordingly, the officers needed Tolles to confirm that the flash drive was Plaintiff's, and to sign a waiver permitting a scan of the flash drive (both of which Tolles has now done). (Id. at ¶¶ 5-6). An appointment was scheduled for June 14, 2018, for the transfer of Plaintiff's information from Tolles' flash drive to Plaintiff's state-issued thumb drive. (Id. at ¶ 6).

Given that it appears that Defendants are not responsible for a failure to return Plaintiff's legal property, and that Department of State Hospitals – Coalinga is actively attempting to return Plaintiff's legal property, IT IS ORDERED that Plaintiff's motion for sanctions is DENIED without prejudice.

\\\
\\\
\\\
\\\
\\\

2

If the Department of State Hospitals—Coalinga fails to make Plaintiff's legal property available at the end of this process, Plaintiff may renew his motion for sanctions.

IT IS SO ORDERED.

Dated: **June 18, 2018**  /s/ Erica P. Grosjean
UNITED STATES MAGISTRATE JUDGE