UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROGER WALKER,<br><br>    Plaintiff,<br><br>v.<br><br>TIM POOLE, et al.,<br><br>    Defendants. | Case No. 1:16-cv-01665-AWI-EPG (PC)<br><br>ORDER VACATING HEARING ON PLAINTIFF'S MOTION FOR COMPENSATION AND DENYING MOTION FOR COMPENSATION<br><br>(ECF NO. 39) |

Roger Walker ("Plaintiff") is a civil detainee proceeding *pro se* and *in forma pauperis* in this civil rights action filed pursuant to 42 U.S.C. § 1983.

On March 14, 2018, Plaintiff filed a motion to, among other things, compel DSH - Coalinga to return his legal materials. (ECF No. 27). On April 19, 2018, the Executive DSH - Coalinga responded by referring the Court to the declaration of Lieutenant Kenneth Bell of the CSP-Coalinga Department of Police Services. (ECF No. 31). According to Lieutenant Bell, Plaintiff was going to get access to his legal property approximately two weeks from April 19, 2018. (Id. at 6-7). Based largely on Lieutenant Bell's assertions, on May 10, 2018, the Court denied Plaintiff's motion to compel. (ECF No. 32). However, the Court allowed Plaintiff re-file the motion to compel if he was still unable to access his legal property. (Id. at 2).

On May 15, 2018, Plaintiff filed a motion for sanctions, alleging that he still did not have access to his legal property. (ECF No. 33). Once again, the Executive Director responded by

1

referring the Court to the declaration of Lieutenant Bell. (ECF No. 36). On June 18, 2018, the Court denied Plaintiff's motion, in part because Lieutenant Bell asserted that an appointment to give Plaintiff access to his legal property was scheduled for June 14, 2018. (ECF No. 38, p. 2). However, the Court allowed Plaintiff to renew his motion for sanctions if Plaintiff's property was not in fact made available to him. (Id. at 3).

On June 25, 2018, Plaintiff filed a motion for compensation, that was not signed under penalty of perjury. (ECF No. 39). Plaintiff alleges that his legal property has still not been returned. As this issue has been ongoing and the deadlines have shifted repeatedly, the Court set a hearing on Plaintiff's motion for compensation. (ECF No. 40). However, the Court stated that it would "vacate this hearing if, by July 9, 2018, Plaintiff's legal property is made available to him, and a representative from Coalinga files a declaration confirming that Plaintiff's legal property was made available to him." (Id. at 3).

On July 9, 2018, the Executive Director filed an opposition to Plaintiff's motion for compensation. (ECF No. 44). The opposition includes a declaration signed under penalty of perjury from Aaron Maylin, a Hospital Police Sergeant with DSH – Coalinga (id. at 5-6), as well as an Interdisciplinary Note dated June 14, 2018 (id. at 8). According to the declaration of Sergeant Maylin, on June 14, 2018, Plaintiff was given an opportunity to view his legal property that was on the flash drive of patient Tolles. (Id. at 6 & 8). Upon reviewing the contents, Plaintiff stated "I don't need those. I already got those." (Id.). A search was conducted for any other legal documents belonging to Plaintiff, and none were found. (Id.).

As it appears that the Executive Director has made Plaintiff's legal property available to him, and as a representative from Coalinga filed a declaration confirming that Plaintiff's legal property was made available to him, the Court will vacate the hearing on Plaintiff's motion for compensation.

Moreover, Plaintiff's motion will be denied. In his motion, which was dated June 18, 2018, not only did Plaintiff fail mention that he was in fact provided with an opportunity to access at least some of his legal materials, he strongly implied that he was not given such an opportunity.

While it is possible that this was simply inartful drafting, Plaintiff is warned that he may not mislead the Court. Otherwise, it could be Plaintiff who will be subject to sanctions.

Additionally, Plaintiff's motion does not identify what legal material he is attempting to access, or why the inability to access it is hindering the litigation. In fact, it is Plaintiff's failure to return five copies of the Second Amended Complaint to the Court that is currently delaying this case, not Plaintiff's alleged lack of access to his legal material.[1] (ECF Nos. 37, 41, & 43).

Accordingly, based on the foregoing, IT IS HEREBY ORDERED that:

1. The hearing on Plaintiff's motion for compensation set for before Magistrate Judge Erica P. Grosjean on July 12, 2018, at 10:00 a.m. is VACATED;
2. Plaintiff's motion for compensation is DENIED; and
3. The Clerk of Court is directed to serve a copy of this order on Supervising Deputy Attorney General Monica Anderson, the Executive Director of DSH - Coalinga, and the Litigation Coordinator at DSH – Coalinga.

IT IS SO ORDERED.

Dated: **July 10, 2018**              /s/ Erica P. Grosjean
                                      UNITED STATES MAGISTRATE JUDGE

---

[1] Plaintiff provided the Court with one copy of his Second Amended Complaint, but he was supposed to provide six. (ECF Nos. 37 & 41).

3