UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROGER WALKER,<br><br>            Plaintiff,<br><br>   v.<br><br>TIM POOLE, et al.,<br><br>            Defendants. | Case No. 1:16-cv-01665-AWI-EPG (PC)<br><br>ORDER DENYING PLAINTIFF'S SECOND MOTION TO COMPEL<br><br>(ECF NO. 46) |

Roger Walker ("Plaintiff") is a civil detainee proceeding *pro se* and *in forma pauperis* in this civil rights action filed pursuant to 42 U.S.C. § 1983.

On March 14, 2018, Plaintiff filed a motion to, among other things, compel DSH - Coalinga to return his legal materials. (ECF No. 27). On April 19, 2018, the Executive DSH - Coalinga responded by referring the Court to the declaration of Lieutenant Kenneth Bell of the CSP-Coalinga Department of Police Services. (ECF No. 31). According to Lieutenant Bell, Plaintiff was going to get access to his legal property approximately two weeks from April 19, 2018. (Id. at 6-7). Based largely on Lieutenant Bell's assertions, on May 10, 2018, the Court denied Plaintiff's motion to compel. (ECF No. 32). However, the Court allowed Plaintiff re-file the motion to compel if he was still unable to access his legal property. (Id. at 2).

On May 15, 2018, Plaintiff filed a motion for sanctions, alleging that he still did not have access to his legal property. (ECF No. 33). Once again, the Executive Director responded by

1

1  referring the Court to the declaration of Lieutenant Bell.  (ECF No. 36).  On June 18, 2018, the

2  Court denied Plaintiff's motion, in part because Lieutenant Bell asserted that an appointment to

3  give Plaintiff access to his legal property was scheduled for June 14, 2018.  (ECF No. 38, p. 2).

4  However, the Court allowed Plaintiff to renew his motion for sanctions if Plaintiff's property was

5  not in fact made available to him.  (Id. at 3).

6      On June 25, 2018, Plaintiff filed a motion for compensation (that was not signed under

7  penalty of perjury).  (ECF No. 39).  Plaintiff alleged that his legal property still had not been

8  returned.  As this issue has been ongoing and the deadlines have shifted repeatedly, the Court set

9  a hearing on Plaintiff's motion for compensation.  (ECF No. 40).  However, the Court stated that

10  it would "vacate this hearing if, by July 9, 2018, Plaintiff's legal property is made available to

11  him, and a representative from Coalinga files a declaration confirming that Plaintiff's legal

12  property was made available to him."  (Id. at 3).

13      On July 9, 2018, the Executive Director filed an opposition to Plaintiff's motion for

14  compensation.  (ECF No. 44).  The opposition included a declaration signed under penalty of

15  perjury from Aaron Maylin, a Hospital Police Sergeant with DSH – Coalinga (id. at 5-6), as well

16  as an Interdisciplinary Note dated June 14, 2018 (id. at 8).  According to the declaration of

17  Sergeant Maylin, on June 14, 2018, Plaintiff was given an opportunity to view his legal property

18  that was on the flash drive of patient Tolles.  (Id. at 6 & 8).  Upon reviewing the contents,

19  Plaintiff stated "I don't need those.  I already got those."  (Id.).  A search of the flash drive was

20  conducted for any other legal documents belonging to Plaintiff, and none were found.  (Id.).

21      As a representative from Coalinga filed a declaration confirming that Plaintiff's legal

22  property was made available to him, Plaintiff's motion for compensation was denied and the

23  hearing was vacated.  (ECF No. 45).

24      On July 18, 2018, Plaintiff filed a second motion to compel (ECF No. 46), which is now

25  before the Court.  Plaintiff alleges that a white flash drive was confiscated, and that this white

26  flash drive contained legal materials.  Plaintiff alleges that, while he did have a meeting with

27  Sergeant Maylin, the white flash drive was not produced.  Sergeant Maylin and other officers

28

1  stated that they were aware of the white flash drive, but also stated they could not find it.

2  Lieutenant Kenneth Bell has submitted a declaration under penalty of perjury that officers

3  searched for, but could not find, a white flash drive in Plaintiff's property. (ECF No. 36, p. 5, ¶

4  5). While Plaintiff alleges in his second motion to compel that his white flash drive was actually

5  in the possession of Peter Tolles, Plaintiff's motion also states that officers have told him that

6  they could not locate a white flash drive, and it appears that officers have searched the property of

7  Peter Tolles in an effort to find Plaintiff's white flash drive (id.).

8  The Court will deny Plaintiff's Motion to Compel because the submitted evidence

9  indicates that DSH-Coalinga has already searched for the material but cannot find it. The Court

10  cannot require DSH-Coalinga to produce something it does not have.

11  Moreover, Plaintiff does not list the documents on the flash drive that are relevant to this

12  case, or explain why he cannot get copies of those documents. Plaintiff does allege that his

13  claims "are severely prejudiced" because he does not have access to his white flash drive, but he

14  does not explain why.

15  Accordingly, IT IS HEREBY ORDERED that Plaintiff's second motion to compel is

16  DENIED.

17
18  IT IS SO ORDERED.

19  Dated:   **July 27, 2018**                    /s/ _Erica P. Grosjean_
20                                               UNITED STATES MAGISTRATE JUDGE

21

22

23

24

25

26

27

28
                                               3