UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

|  |  |
|---|---|
| ROGER WALKER,<br><br>       Plaintiff,<br><br>   v.<br><br>TIM POOLE, et al.,<br><br>       Defendants. | Case No. 1:16-cv-01665-AWI-EPG (PC)<br><br>ORDER FOLLOWING INITIAL SCHEDULING CONFERENCE<br><br>(ECF NO. 66) |

Roger Walker ("Plaintiff") is a civil detainee proceeding *pro se* and *in forma pauperis* in this civil rights action filed pursuant to 42 U.S.C. § 1983. On January 28, 2019, the Court held an Initial Scheduling Conference ("Conference"). Plaintiff telephonically appeared on his own behalf. Counsel Jeremy Schroeder telephonically on behalf of defendant Saloum, and counsel Lee Roistacher telephonically on behalf of defendants Pool, Davis, Nicks, and Perryman.

During the Conference, and with the benefit of scheduling conference statements provided by the parties, the Court and the parties discussed relevant documents in this case and their possible locations. In addition to opening discovery generally, the Court ordered that certain documents that are central to the dispute be promptly produced.

Therefore, in an effort to secure the just, speedy, and inexpensive disposition of this

action,[1] and after consideration of Federal Rule of Civil Procedure 26(b)(1),[2] IT IS ORDERED[3] that:

1. Within thirty days from the date of service of this order, Plaintiff shall serve Defendants' counsel (Mr. Schroeder and Mr. Roistacher) with his initial disclosures. As discussed in the Court's prior order (ECF No. 54), Plaintiff shall provide Defendants with "[t]he name and, if known, the address and telephone number of each individual likely to have discoverable information−along with the subjects of that information−that [Plaintiff] may use to support [his] claims or defenses, unless the use would be solely for impeachment." (Id. at 2). Plaintiff shall also provide Defendants with a "copy−or a description by category and location−of all documents, electronically stored information, and tangible things that [Plaintiff] has in [his] possession, custody, or control and may use to support [his] claims or defenses, unless the use would be solely for impeachment." (Id.);

2. If any party subpoenas and receives documents related to this case, that party must

---

[1] *See, e.g., United States v. W.R. Grace*, 526 F.3d 499, 508–09 (9th Cir. 2008) ("We begin with the principle that the district court is charged with effectuating the speedy and orderly administration of justice. There is universal acceptance in the federal courts that, in carrying out this mandate, a district court has the authority to enter pretrial case management and discovery orders designed to ensure that the relevant issues to be tried are identified, that the parties have an opportunity to engage in appropriate discovery and that the parties are adequately and timely prepared so that the trial can proceed efficiently and intelligibly.").

[2] Federal Rule of Civil Procedure 26 provides that "[p]arties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit." Fed. R. Civ. P. 26(b)(1). "Information within this scope of discovery need not be admissible in evidence to be discoverable." *Ibid*.

[3] Pursuant to Federal Rule of Civil Procedure 16, "[a]t any pretrial conference, the court may consider and take appropriate action on the following matters: . . . controlling and scheduling discovery, including orders affecting disclosures and discovery under Rule 26 and Rules 29 through 37" and "facilitating in other ways the just, speedy, and inexpensive disposition of the action." Fed. R. Civ. P. 16(c)(2)(F). *See also Little v. City of Seattle*, 863 F.2d 681, 685 (9th Cir. 1988) ("The district court has wide discretion in controlling discovery."). Federal Rule of Civil Procedure 16 vests the district court with early control over cases "toward a process of judicial management that embraces the entire pretrial phase, especially motions and discovery." *In re Arizona*, 528 F.3d 652, 655 (9th Cir. 2008) (affirming district court's requiring that prison officials prepare a *Martinez* report to give detailed factual information involving a prisoner's suit under 42 U.S.C. § 1983 and stating "district courts have wide latitude in controlling discovery."). *See also* Advisory Committee Notes to 1993 Amendment to Federal Rules of Civil Procedure regarding Rule 26(a) ("The enumeration in Rule 26(a) of items to be disclosed does not prevent a court from requiring by order or local rule that the parties disclosed additional information without a discovery request.").

promptly provide those documents to all other parties.

3. If any party receives documents from Coalinga State Hospital, that party must promptly provide those documents to all other parties.

4. Parties do not need to produce documents they have already provided, documents provided to them by the opposing party, or documents that the opposing party already has.

5. Parties may object to producing any of the above-listed documents. Objections shall be made in writing and served on all other parties, as well as filed with the Court. If any objection is made on the basis of privilege, the objecting party shall include a privilege log (*see* the scheduling order for detailed discovery procedures). If any objection is made based on the official information privilege, in addition to providing a privilege log, the objecting party must inform all other parties in writing and submit the allegedly privileged documents to the Court for *in camera* review.

6. An objection or privilege assertion can be challenged via a motion to compel.

Additionally, IT IS ORDERED that:

1. For the reasons stated on the record, Plaintiff's motion objecting to Defendants' request for reassignment of this case (ECF No. 66) is DENIED; and

2. Plaintiff's motion to compel discovery (ECF No. 67) is converted to a discovery requests. Defendants shall file their supplemental opposition no later than February 11, 2019. Plaintiff shall file his reply to Defendants' supplemental opposition no later than March 11, 2019.

IT IS SO ORDERED.

Dated: __**February 1, 2019**__          /s/ *Erica P. Grosjean*

UNITED STATES MAGISTRATE JUDGE

3