UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROGER WALKER,<br><br>    Plaintiff,<br><br> v.<br><br>TIM POOLE, et al.,<br><br>    Defendants. | Case No. 1:16-cv-01665-AWI-EPG (PC)<br><br>ORDER ON PLAINTIFF'S MOTION TO COMPEL<br><br>(ECF NO. 67)<br><br>ORDER DIRECTING CLERK OF COURT TO SEND PLAINTIFF A COPY OF FORM AO 88B AND FORM USM-285 |

## I. BACKGROUND

Roger Walker ("Plaintiff") is a civil detainee proceeding *pro se* and *in forma pauperis* in this civil rights action filed pursuant to 42 U.S.C. § 1983.

On December 6, 2018, Plaintiff filed a motion to compel Defendants to disclose facts and documents. (ECF No. 67). On December 28, 2018, Defendants filed their opposition to the motion. (ECF Nos. 69 & 70). On February 4, 2019, the Court ordered that the motion to compel be treated as including discovery requests, and ordered Defendants to file a supplemental opposition. (ECF No. 76). On February 6, 2019, Defendants filed their supplemental opposition. (ECF No. 78). Plaintiff did not file a reply.

1

Plaintiff's motion to compel is now before the Court.

**II.    APPLICABLE LEGAL STANDARDS**

"Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit."  Fed. R. Civ. P. 26(b)(1).  Furthermore, discoverable information "need not be admissible in evidence."  Id.

Under Rule 37 of the Federal Rules of Civil Procedure, "[a] party seeking discovery may move for an order compelling an answer, designation, production, or inspection."  Fed. R. Civ. P. 37(a)(3)(B).  The court may order a party to provide further responses to an "evasive or incomplete disclosure, answer, or response…."  Fed. R. Civ. P. 37(a)(4).

"District courts have 'broad discretion to manage discovery and to control the course of litigation under Federal Rule of Civil Procedure 16.'"  Hunt v. County of Orange, 672 F.3d 606, 616 (9th Cir. 2012) (quoting Avila v. Willits Envtl. Remediation Trust, 633 F.3d 828, 833 (9th Cir. 2011)).

**III.    PLAINTIFF'S MOTION FOR DISCOVERY AND TO COMPEL**

Plaintiff requested the following discovery from Defendants related to Defendants: "displinary [sic] reprimands, demotions, probation or jail records," "prior complaints against them concerning violence and the houseing [sic] of patients after the request by the patient to be moved," and "any acts of dishonesty, falsifying documents, retaliation, or moral turpitude."

Plaintiff also requested information related to another patient (Ryan Wilkerson).

**IV.    DEFENDANTS' SUPPLEMENTAL OBJECTION**

As to the discovery Plaintiff is seeking from Defendants related to Defendants, Defendants argue that "a defendant's past conduct… is inadmissible to prove that the defendant acted in a particular way on a particular occasion" (ECF No. 78, p. 4), and Plaintiff appears to be seeking the discovery to use in this impermissible way.  Thus, Plaintiff is not entitled to the

discovery. Moreover, the requests "are exceedingly over broad in both category and time." (Id. at 5). Finally, Plaintiff's "discovery requests seek privileged information contained in defendants' personnel files." (Id.).

As to the discovery Plaintiff is seeking related to patient Ryan Wilkerson, Defendants argue that they do not have possession, custody, or control of the documents.

## V.   ANALYSIS

Plaintiff's first set of requests appear to seek all prior complaints about Defendants, without limitation. Federal Rule of Evidence 404 governs evidence regarding prior acts. That rule provides that "[e]vidence of a person's character or character trait is not admissible to prove that on a particular occasion the person acted in accordance with the character or trait," and further that "[e]vidence of a crime, wrong, or other act is not admissible to prove a person's character in order to show that on a particular occasion the person acted in accordance with that character." Fed. R. Evid. 404(a)(1), (b)(1).

The Court agrees with Defendants that Plaintiff's current requests for documents pertaining to Defendants (including things such as complaints, disciplinary reprimands, and jail records) seek information that would not be admissible under Rule 404. These documents are not tied in any way to the incidents in the complaint. Instead, Plaintiff appears to seek these documents, if any, to show that Defendants have a bad character and acted in accordance with that bad character. Additionally, the requests, which include no limitations, are too broad. Accordingly, the Court will not require Defendants to further respond to these requests.

However, Rule 404 allows evidence of past acts "for another purpose, such as proving motive, opportunity, intent, preparation, plan, knowledge, identity, absence of mistake, or lack of accident." Fed. R. Evid. 404(c)(2). If Plaintiff believes that some of this information is relevant for one of these permitted purposes, Plaintiff may file a new motion to compel asking for some limited group of documents and explaining why they are relevant to one of those purposes.

Plaintiff's second set of requests concern the patient Ryan Wilkerson. These requests appear to seek at least some relevant information, because Mr. Wilkerson is the person who allegedly harmed Plaintiff, which is the subject of Plaintiff's complaint. However, Defendants

state that they are not in possession, custody or control of these documents. The Court cannot compel Defendants to provide documents not in their possession, custody, or control. Instead, Plaintiff must seek these documents from a third party via a third party subpoena.

As it appears that at least some of the documents related to Ryan Wilkerson are relevant, the Court will direct the Clerk of Court to send Plaintiff a subpoena form to complete and return to the Court, so that Plaintiff can subpoena the documents from the California Department of State Hospitals and/or its executive director.[1] Once Plaintiff completes and returns the form, the Court will have it served, so long as it seeks relevant documents.

If the third party does not provide the documents after receiving the subpoena, Plaintiff may file a motion to compel in this Court.[2] If a motion to compel further discovery responses is necessary, the Court will likely hear the motion at the discovery and status conference that is currently set for July 8, 2019.

## VI. ORDER

Accordingly, based on the foregoing, IT IS HEREBY ORDERED that:

1. Plaintiff's motion to compel is DENIED, as discussed above;
2. The Clerk of Court is directed to send Plaintiff a copy of form AO 88B and a copy of form USM-285; and
3. Plaintiff has twenty-one days from the date of service of this order to complete and return form AO 88B and form USM-285.

IT IS SO ORDERED.

Dated: **April 16, 2019**            /s/ Erica P. Grosjean
                                     UNITED STATES MAGISTRATE JUDGE

---

[1] The Court notes that it may limit the scope of Plaintiff's request(s).
[2] If Plaintiff files a motion to compel, he must serve that motion on the third party (e.g., the Executive Director of the California Department of State Hospitals), so that the third party can respond to the motion to compel.