# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROGER WALKER,<br><br>        Plaintiff,<br><br>  v.<br><br>TIM POOLE, et al.,<br><br>        Defendants. | Case No. 1:16-cv-01665-AWI-EPG (PC)<br><br>ORDER DENYING PLAINTIFF'S MOTION FOR AMENDED COMPLAINT AND MOTION FOR INJUNCTIVE RELIEF, WITHOUT PREJUDICE<br><br>(ECF NO. 104) |

Roger Walker ("Plaintiff") is a civil detainee proceeding *pro se* and *in forma pauperis* in this civil rights action filed pursuant to 42 U.S.C. § 1983. On September 5, 2019, Plaintiff filed a "notice of motion for amended complaint and motion for injunctive relief. (ECF No. 104). The motion is one page. Attached to the motion is a copy of an Office of Patients' Rights complaint form that Plaintiff filled out. It appears that Plaintiff wants to add two defendants due to a recent incident, as well as a request for injunctive relief against these defendants.

Courts "should freely give leave [to amend] when justice so requires." Fed. R. Civ. P. 15(a)(2). "[T]his policy is to be applied with extreme liberality." Morongo Band of Mission Indians v. Rose, 893 F.2d 1074, 1079 (9th Cir. 1990). See also Waldrip v. Hall, 548 F.3d 729, 732 (9th Cir. 2008). "However, liberality in granting leave to amend is subject to several limitations. Those limitations include undue prejudice to the opposing party, bad faith by the movant, futility, and undue delay." Cafasso, U.S. ex rel. v. Gen. Dynamics C4 Sys., Inc., 637 F.3d 1047, 1058 (9th Cir. 2011) (internal quotation marks and citations omitted). See also

Waldrip v. Hall, 548 F.3d at 732.

Plaintiff did not submit a proposed amended complaint with his motion. Accordingly, Plaintiff's motion to amend his complaint to add additional defendants and a request for injunctive relief against these defendants will be denied, without prejudice to Plaintiff re-filing the motion with a proposed amended complaint attached.[1]

The Court notes that Plaintiff must also comply with Local Rule 220. "Unless prior approval to the contrary is obtained from the Court, every pleading to which an amendment or supplement is permitted as a matter of right or has been allowed by court order shall be retyped and filed so that it is complete in itself without reference to the prior or superseded pleading. No pleading shall be deemed amended or supplemented until this Rule has been complied with." Local Rule 220.

While the Court is not ruling on the issue, the Court has reviewed Plaintiff's motion and attached exhibit, and Plaintiff may be attempting to improperly add claims in this case. "The controlling principle appears in Fed.R.Civ.P. 18(a): 'A party asserting a claim to relief as an original claim, counterclaim, cross-claim, or third-party claim, may join, either as independent or as alternate claims, as many claims, legal, equitable, or maritime, as the party has against an opposing party.' Thus multiple claims against a single party are fine, but Claim A against Defendant 1 should not be joined with unrelated Claim B against Defendant 2. Unrelated claims against different defendants belong in different suits, not only to prevent the sort of morass [a multiple claim, multiple defendant] suit produce[s], but also to ensure that prisoners pay the required filing fees-for the Prison Litigation Reform Act limits to 3 the number of frivolous suits or appeals that any prisoner may file without prepayment of the required fees." K'napp v. California Dept. of Corrections, 2013 WL 5817765, at *2 (E.D. Cal., Oct. 29, 2013), aff'd sub nom. K'napp v. California Dept. of Corrections & Rehabilitation, 599 Fed.Appx. 791

---

[1] "If filing a document requires leave of court, such as an amended complaint after the time to amend as a matter of course has expired, counsel shall attach the document proposed to be filed as an exhibit to moving papers seeking such leave and lodge a proposed order as required by these Rules. If the Court grants the motion, counsel shall file and serve the document in accordance with these Rules and the Federal Rules of Civil and Criminal Procedure." Local Rule 137(c). See also Local Rule 183(a) ("All obligations placed on 'counsel' by these Rules apply to individuals appearing in propria persona.").

(9th Cir. 2015) (alteration in original) (quoting <u>George v. Smith</u>, 507 F.3d 605, 607 (7th Cir.2007). <u>See also</u> Fed. R. Civ. P. 20(a)(2) ("Persons… may be joined in one action as defendants if: (A) any right to relief is asserted against them jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences; and (B) any question of law or fact common to all defendants will arise in the action.").

Finally, while Plaintiff's motion is titled, in part, a motion for injunctive relief, it does not appear that Plaintiff is requesting a preliminary injunction against the defendants in this case. If he is requesting a preliminary injunction against the defendants in this case, he should file a separate motion for a preliminary injunction. Relevant legal standards are provided below.

A federal district court may issue emergency injunctive relief only if it has personal jurisdiction over the parties and subject matter jurisdiction over the lawsuit. <u>See</u> <u>Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc.</u>, 526 U.S. 344, 350 (1999) (noting that one "becomes a party officially, and is required to take action in that capacity, only upon service of summons or other authority-asserting measure stating the time within which the party served must appear to defend."). The court may not attempt to determine the rights of persons not before it. <u>See, e.g.</u>, <u>Hitchman Coal & Coke Co. v. Mitchell</u>, 245 U.S. 229, 234-35 (1916); <u>Zepeda v. INS</u>, 753 F.2d 719, 727-28 (9th Cir. 1983); <u>see also</u> <u>Califano v. Yamasaki</u>, 442 U.S. 682, 702 (1979) (injunctive relief must be "narrowly tailored to give only the relief to which plaintiffs are entitled"). Under Federal Rule of Civil Procedure 65(d)(2), an injunction binds only "the parties to the action," their "officers, agents, servants, employees, and attorneys," and "other persons who are in active concert or participation." Fed. R. Civ. P. 65(d)(2)(A)-(C). "When a plaintiff seeks injunctive relief based on claims not pled in the complaint, the court does not have the authority to issue an injunction." <u>Pac. Radiation Oncology, LLC v. Queen's Med. Ctr.</u>, 810 F.3d 631, 633 (9th Cir. 2015).

Requests for prospective relief are further limited by 18 U.S.C. § 3626(a)(1)(A) of the

Prison Litigation Reform Act, which requires that the Court find that the "relief [sought] is narrowly drawn, extends no further than necessary to correct the violation of the Federal Right, and is the least intrusive means necessary to correct the violation of the Federal Right."

On the merits, "[a] plaintiff seeking a preliminary injunction must establish that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest." Glossip v. Gross, 135 S. Ct. 2726, 2736-37 (2015) (quoting Winter v. Natural Res. Def. Council, Inc., 555 U.S. 7, 20 (2008)). "Under *Winter*, plaintiffs must establish that irreparable harm is likely, not just possible, in order to obtain a preliminary injunction." Alliance for the Wild Rockies v. Cottrell, 632 F.3d 1127, 1131 (9th Cir. 2011).

Based on the foregoing, IT IS ORDERED that Plaintiff's motion for amended complaint and motion for injunctive relief is DENIED without prejudice.

IT IS SO ORDERED.

Dated:   **September 9, 2019**          /s/ *Erica P. Grosjean*
                                        UNITED STATES MAGISTRATE JUDGE

4