UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROGER WALKER,<br><br>        Plaintiff,<br><br>    v.<br><br>TIM POOLE, et al.,<br><br>        Defendants. | Case No. 1:16-cv-01665-AWI-EPG (PC)<br><br>ORDER DENYING PLAINTIFF'S MOTION FOR ATTENDANCE OF INCARCERATED WITNESSES, WITHOUT PREJUDICE<br><br>(ECF No. 133) |

## I. BACKGROUND

Roger Walker ("Plaintiff") is a civil detainee proceeding *pro se* and *in forma pauperis* in this civil rights action filed pursuant to 42 U.S.C. § 1983.  This case proceeds "against defendants Saloum, Poole, Perryman, Davis, and Nicks on Plaintiff's claim for failure to protect in violation of the Fourteenth Amendment."  (ECF No. 35, p. 2).[1]

On May 4, 2020, Plaintiff filed a motion for attendance of confined witnesses.  (ECF No. 133).  On May 6, 2020, Defendants filed their opposition to the motion.  (ECF No. 134).  On May 27, 2020, Plaintiff filed a reply.  (ECF No. 135).

As Plaintiff did not file the required declarations with his motion, Plaintiff's motion will be denied, without prejudice.

\\\

\\\

---

[1] The Court recently recommended that summary judgment be granted in favor of defendants Davis, Nicks, Perryman, and Poole.  (ECF No. 137).

1

## II. DISCUSSION

In the scheduling order, the Court informed Plaintiff that "[a] party intending to introduce the testimony of confined witnesses who have agreed to voluntarily attend the trial must serve and file a written motion for a court order requiring that such witnesses be brought to court at the time of trial. The motion must: (1) state the name, address, and prison/hospital identification number of each such witness; and (2) be accompanied by declarations showing that each witness is willing to testify and that each witness has actual knowledge of relevant facts." (ECF No. 77, p. 6).

"The prospective witness's actual knowledge of relevant facts can be shown in one of two ways: (1) if the party has actual firsthand knowledge that the prospective witness was an eyewitness or an ear-witness to the relevant facts (e.g., if an incident occurred in Plaintiff's cell and, at the time, Plaintiff saw that a cellmate was present and observed the incident, Plaintiff may swear to the cellmate's ability to testify), the party can swear by declaration under penalty of perjury that the prospective witness has actual knowledge; or (2) the party can serve and file a declaration signed under penalty of perjury by the prospective witness in which the witness describes the relevant facts to which the prospective witness was an eye or ear witness. Whether the declaration is made by the party or by the prospective witness, it must be specific about the incident, when and where it occurred, who was present, and how the prospective witness happened to be in a position to see or to hear what occurred at the time it occurred." (Id. at 7).

The same requirement for a declaration showing that each witness has actual knowledge of relevant facts applies to motions for attendance of confined witnesses who have not agreed to testify voluntarily. (Id.).

Here, Defendants are correct that Plaintiff did not file the required declarations. In fact, Plaintiff did not even attempt to show that each prospective witness has actual knowledge of relevant facts. Instead, Plaintiff listed twelve witnesses he wants brought to trial. (ECF No. 133, p. 2). As Plaintiff failed to include the required declarations with his motion, Plaintiff's motion will be denied, without prejudice to Plaintiff refiling it with the required declarations.

### III.   ORDER

Based on the foregoing, IT IS HEREBY ORDERED that Plaintiff's motion for attendance of confined witnesses is DENIED, without prejudice.  Plaintiff has thirty days[2] from the date of service of this order to refile his motion with the required declarations.[3]

IT IS SO ORDERED.

Dated:   **July 10, 2020**                                        /s/ Erica P. Grosjean
                                                                                       UNITED STATES MAGISTRATE JUDGE

---

[2] If Plaintiff needs additional time to gather the required declarations, he may file a motion for an extension of time.

[3] The declaration must be subscribed by the declarant "as true under penalty of perjury, and dated, in substantially the following form: … 'I declare (or certify, verify, or state) under penalty of perjury that the foregoing is true and correct. Executed on (date). (Signature).'"  28 U.S.C. § 1746(2).